**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SERGEI MARTYNIUK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2289-HE** |
| | ) | |
| **WARDEN OF DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Sergei Martyniuk, a noncitizen[1] and Russian national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 5. The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue. On August 27, 2026, Petitioner also filed an Ex Parte Motion for Temporary Restraining Order and Order to Show Cause. Doc. 2. For the reasons below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Background

Petitioner, a citizen of Russia, lawfully entered the United States on or about September 9, 2022, near San Ysidro Port of Entry. Pet. at 11; Doc. 1-1 at 3-6 (September 2022 Notice to Appear). The same day, he was inspected and granted humanitarian parole status under 8 U.S.C. § 1182(d)(5)(A). Pet. at 11-12; Doc. 1-1 at 2 (Petitioner's I-94 Admission Record). The parole was authorized until September 8, 2023. Doc. 1-1 at 2. Also on September 9, 2022, ICE placed Petitioner into removal proceedings charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of valid entry documents. Doc. 1-1 at 6. Petitioner alleges he has no criminal history and is the sole financial supporter for his family. Pet. at 11. At some point after his release on parole, Petitioner was included on his wife's application for asylum. *Id.* at 12; Doc. 1-2 at 3-14 (Application for Asylum).

On February 1, 2023, ICE issued Petitioner a second Notice to Appear, again charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of valid entry documents. Doc. 8-1 at 1, 4 (February 2023 Notice to Appear).[2]

On August 11, 2026, ICE re-detained Petitioner after a routine commercial vehicle stop at a highway weigh station. Pet. at 11-12; Doc. 8-3 at 2 (ICE's Encounter Summary). Petitioner alleges he was detained without a warrant, Pet. at 12, but Respondents provide a

[2] Petitioner provides the Court his September 2022 Notice to Appear while Respondents provide the February 2023 Notice to Appear. Doc. 1-1 at 3-6; Doc. 8-1 at 1-4. Neither party addresses the impact of or reason for the second Notice to Appear. The undersigned concludes it does not impact the analysis or outcome.

warrant dated August 12, 2026, Doc. 8-4 (Warrant for Arrest). Respondents contend Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A). Resp. at 2. Petitioner does not allege he requested a bond hearing but alleges ICE cannot conduct a meaningful bond review because he is designated as an arriving alien. Pet. at 12.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 19, 2026).

## II. Petitioner's Claims

Petitioner asserts eight counts in his Petition.

- **Count I: Violation of Due Process – Warrantless Arrest.** Petitioner alleges he was arrested without a warrant in violation of his Due Process rights. Pet. at 6, 13.
- **Count II: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention without a bond hearing is unlawful in violation of 8 U.S.C. § 1226(a) of the INA because he was detained in the United States and does not have a final order of removal. Pet. at 6, 13-15.
- **Count III: Violation of Due Process.** Petitioner alleges due process was violated because he had a protected liberty interest because he has resided in the United States for four years. *Id.* at 6, 15.
- **Count IV: Violation of Fifth Amendment and Regulations**. Petitioner alleges he cannot be detained indefinitely in violation of ICE's administrative regulations. *Id.* at 8, 15.
- **Count V: Violation of INA and ICE Regulations.** Petitioner alleges his detention is unlawful where the government previously determined he was not a flight risk or danger to the community when it released him on parole and nothing has changed since that determination. *Id.* at 7, 15-16.

- **Count VI: Violation of the *Accardi* Doctrine, Regulations, and the Fifth Amendment**. Petitioner alleges his re-detention without following the mandatory regulatory procedure, written explanation, parole expiration, or parole violations is unlawful in violation of governing ICE regulations. *Id.* at 7, 16.

- **Count VII: Violation of Procedural Due Process.** Petitioner alleges his continued detention violates his procedural due process rights under the framework set forth in *Mathews v. Eldridge*. *Id.* at 7, 16-17.

- **Count VIII: Violation of Fifth Amendment – Deliberate Indifference**. Petitioner alleges deliberate indifference to his medical needs in violation of his substantive due process rights. *Id.* at 7, 17.

Petitioner asks the Court to grant "a writ of habeas corpus ordering [his] immediate release" without bond. *Id.* at 8, 11, 17-18.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *M.S.P.C. v. U.S. Customs &*

*Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing 8 U.S.C. § 1225(b)(1)).

> Aliens who have not been admitted or paroled into the United States and who have not satisfactorily demonstrated to an immigration officer that the alien has been physically present in the United States continuously for the prior two years are subject to expedited removal without further hearing or review, unless the alien indicates an intention to apply for asylum or a fear of persecution, at which point the immigration officer shall refer the alien for an interview by an asylum officer.

*Id.* (citing § 1225(b)(1)(A)(i)-(iii)). Section 1225(b)(1)(B)(ii) further requires that, if an asylum officer determines that a noncitizen has a credible fear of persecution, the noncitizen shall be detained for further consideration of the application for asylum.

Fundamentally, under § 1225(b)(1), a noncitizen who arrives at a port of entry and applies for admission is ordered removed "without further hearing or review" unless the noncitizen "indicates either an intention to apply for asylum" or expresses a fear of persecution. If Petitioner is subject to this "expedited removal" under § 1225(b)(1), he is not entitled to a bond hearing. But noncitizens detained under § 1225(b)(1)(B)(ii) can be paroled under 8 U.S.C. § 1182(d)(5)(A). On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner alleges his continued detention without a bond hearing is unlawful in violation of § 1226(a) of the INA because he was detained in the United States and does not have a final order of removal. Pet. at 6, 13-15. He also alleges his detention is unlawful where the government previously determined he was not a flight risk or danger to the

community when it released him on parole and nothing has changed since that determination. *Id.* at 7, 15-16. Respondents maintain Petitioner is properly detained under § 1225(b) because he returned to the status of an "arriving alien" when his parole ended. Resp. at 4-6. They do not allege any violations of Petitioner's conditions of release.

Petitioner was re-apprehended in the interior of the country in August 2026 and had been living in the United States for nearly four years after he was granted parole in September 2022 (and nearly three years after his parole expired). Doc. 1-1 at 2. The undersigned finds it implausible under these circumstances that Petitioner remains an "arriving alien." Under § 1225(b)(1), "someone arriving in the United States is someone who has reached the border or a port of entry." *Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (citation modified). Thus, "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen *arriving* in the United States." *Id.* (emphasis added) (citation modified).

Judges in this District have consistently concluded a noncitizen re-detained after revocation of § 1182(d)(5) parole is held pursuant to § 1226(a), and "because Respondents have not shown that § 1225(b) applies, the more general provisions of § 1226 govern Petitioner's detention." *Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026) (citation omitted); *see also, e.g., Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (finding where a "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained during a routine check-in with immigration

authorities," his "detention is mo[st] naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)"); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026) (applying § 1226(a) to govern re-detention of petitioner previously designated as an arriving alien and released on parole); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (same); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026) (same). *But see Kvaratskhelia v. Blanche*, No. CIV-26-1673-JD, Order, Doc. 13, at 11 (W.D. Okla. Sept. 29, 2026) (holding a petitioner previously released on parole under § 1182(d)(5)(A) is properly detained under § 1225(b) when parole ends). Therefore, consistent with the predominant view in this District, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention.

**B. The proper remedy is a bond hearing.**

Petitioner requests immediate release. Pet. at 8. The undersigned, however, concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1248, 1251 n.13 (10th Cir. 2026) ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *see also Aitiev*, 2026 WL 2125893, at *2 (citing *Santillan Quiroz* and finding "that a bond hearing is the proper remedy" where "the more general provisions of § 1226 govern" rather than § 1225(b)(1)); *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("An individualized

custody redetermination hearing would provide Petitioner with the process he is due under the statute.”). Further, Judges in this District, including this Court, have declined to order burden shifting. *See, e.g.*, *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) (finding “the Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing”). The undersigned is also not persuaded by Petitioner’s assertion without support that his medical neglect entitles him to outright release, Reply at 5-6. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[3]

[3] While Judges in this District, including the undersigned, have considered release for noncitizens whose earlier humanitarian parole under § 1182(d)(5) was improperly revoked, the undersigned concludes here Petitioner has not sufficiently alleged a claim that the circumstances of his parole revocation and re-detention entitle him to release rather than a bond hearing. *Accord Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner’s prior humanitarian parole). Further, Judges in this District have recently declined to find termination of parole under § 1182(d)(5)(A) entitles a noncitizen to release. *See, e.g.*, *Aitiev*, 2026 WL 2125893, at *2 (finding a similarly situated petitioner “has a protected liberty interest in remaining out of custody” but declining to hold re-detention in violation of § 1182(d)(2) entitles him to additional relief); *accord Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *2 n.2 (W.D. Okla. July 29, 2026) (finding in analogous circumstances that termination of humanitarian parole under § 1182(d)(5)(A) provides “no avenue for relief”). Thus, the undersigned does not address such a claim or recommend Petitioner’s release on that basis.

### C. The Court should decline to address Petitioner's remaining claims.

Petitioner also challenges his warrantless arrest[4] and conditions of his confinement,[5] and he alleges his continued detention without a bond hearing violates his rights to due process, the APA, and the *Accardi* Doctrine. Pet. at 6-8, 13-17. If the Court grants the recommended habeas relief to Petitioner with a bond hearing under § 1226(a), the Court need not decide the merits of any remaining claims based on continued detention. *See, e.g.*, *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *2 n.3 (W.D. Okla. Jan. 13, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing under § 1226(a)).

## V. <u>Recommendation and Notice of Right to Object</u>

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. Adoption of this Report and

---

[4] Respondents provided the Court with an administrative warrant for Petitioner's arrest dated August 12, 2026. Doc. 8-4.

[5] A petitioner who challenges "the fact or duration" of his confinement and seeks release from ICE custody must bring a § 2241 habeas petition, but a challenge to the conditions of his confinement must be brought through a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). As such, Petitioner's allegations related to deliberate indifference to his medical care are not properly raised in this Petition. *See, e.g.*, *Ndou v. Noem*, No. 26-CV-220, 2026 WL 686564, at *4 (D.N.M. Mar. 11, 2026) (finding an immigration habeas petitioner's "claims related to conditions of confinement are properly raised under a civil rights action, not a habeas corpus petition"); *Sanchez v. Warden*, No. CIV-26-318-SLP, 2026 WL 1623020, at *4 (W.D. Okla. Mar. 26, 2026) (R&R) (same), *adopted on other grounds*, 2026 WL 1347428, at *2 (W.D. Okla. May 14, 2026).

Recommendation would **MOOT** Petitioner's pending Ex Parte Motion for Temporary Restraining Order and Order to Show Cause, Doc. 2.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **October 26, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **October 29, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 19th day of October, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE